**Carol P. GUEVARRA, Plaintiff,**

v.

**PROGRESSIVE FINANCIAL SERVICES, INC., et al., Defendants.**

**No. C–05–3466–VRW.**

United States District Court, N.D. California.

July 31, 2007.

Irving L. Berg, The Berg Law Group, Corte Madera, CA, O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, for Plaintiff.

Mark Ewell Ellis, June D. Coleman, Ellis, Coleman, Poirier, Lavoie & Steinheimer, LLP, William Angelo Munoz, Murphy, Pearson, Bradley & Feeney, Sacramento, CA, for Defendants.

### ORDER

WALKER, Chief Judge.

Defendants are a collection agency and one of its employees who sent a collection letter that allegedly violates the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("the Rosenthal Act"), Cal. Civ. Code § 1788 et seq. Doc. # 1. Defendants sent the allegedly offending letter to collect debts incurred to numerous creditors. When this case was initially filed, the complaint sought class-wide relief on behalf of *all* debtors who received the letter at issue here. Subsequently, plaintiff amended her complaint to seek relief for herself and a class of those recipients of the offending letter indebted to IKEA, only one of the creditors.

At the November 21, 2006, hearing on plaintiff's class certification motion, in response to the court's questioning, counsel for plaintiff admitted to coordinating with plaintiff's counsel in a separate action pending in the Central District of California concerning the same letter as the one at issue here, see *Hertado v. Progressive Financial Services*, 05–635–VAP–SGL. Apparently, plaintiff's counsel agreed with counsel in the *Hertado* matter to divide up the class between IKEA and non-IKEA creditors.

The court denied plaintiff's certification motion, citing plaintiff's arbitrary distinction between IKEA and non-IKEA creditors and concluding that plaintiff's proposed definition is not "superior" to other means available under FRCP 23(b)(3). Because plaintiff's counsel appeared to have divided up the class in order to maximize attorney fees without significant benefit to their clients, the court ordered plaintiff's counsel to show cause why the court should not refer this matter to the State Bar of California and the Northern District's Standing Committee on Professional Conduct. Doc # 45 (citing Civil LR 11–6(a)(3)–(4)).

In response to the court's order to show cause, counsel cites *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir.1997), as authorizing their tactics. But in *Mace*, the court declined to impose a duty on the plaintiff to bring suit on behalf of the broadest possible class. *Mace* does not, however, condone post-suit collusion between counsel in separate actions in order to cut a class in two.

*Mace* nevertheless highlights a troubling aspect of the FDCPA, 15 U.S.C. §§ 1692 et seq., which provides that:

(a) * * * [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of:

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, *without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector*; and

(1) * * * the costs of the action, together with a reasonable attorney[ ] fee * * * 15 U.S.C. § 1692k (emphasis added).

The problem lies with the statutory limit on damages in § 1692k(a)(2)(B)(ii), which applies to *each* FDCPA class action, not to all FDCPA class actions involving a particular debt collector. This encourages the multiplication of proceedings. If the debt collector has a net worth of less than $50 million, then the class may recover only 1 percent of that amount. Accordingly

plaintiffs might divide into 100 classes which each take 1 percent. If the debt collector is worth more than $50 million, then each class may recover only $500,000, and plaintiffs might divide into an increasing number of classes, each taking a bite at the golden apple until the company is broke. In this way, § 1692k(a)(2)(B)(ii) creates undesirable incentives, as illustrated by the following chart depicting the potential number of classes with respect to the net worth of the debt collector:

**Potential Number of Classes Under FDCPA**

The mis-incentives created by the FDCPA stand in direct conflict with 28 U.S.C. § 1927, which proscribes an attorney's multiplication of proceedings. This provision creates another mis-incentive. The limit on liability encourages debt-collecting entities to restrict their net worth and hence their potential liability.

Nowhere are the ill effects of this legal regime more evident than in the present suit, in which counsel engaged in ethically questionable behavior while purportedly serving the interest of their clients. Finding that any remedy to this situation lies with Congress, however, the court declines to refer this matter to the State Bar of California and the Northern District's

Standing Committee on Professional Conduct.

IT IS SO ORDERED.